In United States District Court
For the District of Delaware



UNITED STATES OF AMERICA

v.

TYRONE ROANE,
    Defendant

Criminal Complaint

CASE NUMBER: 07- 58-M- MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 29, 2007 in the District of Delaware, Defendant TYRONE ROANE did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2);_
2) possess with intent to distribute cocaine base,
in violation of Title ___21___ United States Code, Section(s) _841(a)(1) and (b)(1)(C);_ and
3) possess a firearm in furtherance of the above possession with intent to distribute cocaine base,
in violation of Title ___18___ United States Code, Section(s) _924(c)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:  Yes

                                      _/s/ Jason Kusheba_
                                      Jason Kusheba
                                      Special Agent, ATF

Sworn to before me and subscribed in my presence,

_March 30, 2007_            at     _Wilmington, DE_
Date                                                     City and State

Honorable Mary Pat Thynge
_United States Magistrate Judge_                      _/s/ Mary Pat Thynge_
Name & Title of Judicial Officer                        Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over five years. During that time, my duties have included the investigation of firearms and narcotics offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. During the course of your affiant's law enforcement career, your affiant has also received law enforcement training on narcotics offenses, including offenses that involve crack cocaine. From this training, your affiant has learned the weights, packaging, street values, paraphernalia, and other factors that are indicative of crack cocaine being possessed for purposes of distribution, as opposed to for personal use or other purposes. During the course of your affiant's law enforcement career, your affiant has participated in over twenty searches for crack cocaine, and seizures of crack cocaine. Your Affiant has also participated in numerous investigations of crack cocaine offenses and has had numerous conversations with police officers and Federal agents about the facts and circumstances of narcotics offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on March 29, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officer Brian Witte who has personal knowledge of the stated facts. Officer Witte has been employed as a Wilmington Police Officer for approximately 12 years, and had made numerous arrests for narcotics and firearms violations.

4. On March 29, 2007, at approximately 1358 hours, Officer Witte received information from a past proven reliable informant that a black male wearing a black and white printed jacket, later identified as the Defendant, Tyrone Roane, was selling narcotics from a residence located at _____ Wilmington, DE.

5. Based on this information, Officer Witte elicited the help of Officers Shawn Gordon and Kurt Bryson. Officers Gordon and Bryson proceeded to drive by _____ in a marked police vehicle. At that time, they observed an individual matching the subject's description standing on the porch of _____. As Officer Gordon and Bryson's marked police vehicle drove past the residence, the defendant quickly moved off of the porch and into the residence through the front door.

6. Officer Witte then proceeded to drive by                          in a marked police vehicle, who also observed the defendant standing on the front porch of the residence. As Officer Witte's marked vehicle drove past the residence the defendant again moved quickly off the porch and into the residence through the front door.

7. Officers Witte, Gordon and Bryson then simultaneously approached              where the defendant was again observed standing on the front porch. As the Officers approached the defendant he immediately began to enter the residence through the front door. At that time, Officer Bryson told the defendant that they wanted to talk to him and asked him twice to stop. The defendant did not comply with these requests and proceeded to flee into              through the front door. Officers Gordon and Bryson then began to follow the defendant into the residence.

8. Officer Witte then immediately moved to the rear of                          along a sidewalk on East   Street. Officer Witte then observed the defendant exit the rear door of the residence and move into the fenced-in backyard. At that time, Witte observed the defendant step up on a pile of rocks in the back yard and, with his right hand, throw what appeared to him to be a firearm and two plastic bags of suspected narcotics. Officer Witte observed these items travel through the air into the next backyard, of                       . It appeared that the suspected firearm traveled farther in distance than the suspected bags of narcotics.

9. The defendant then attempted to flee from police by exiting the enclosed back yard of                toward the sidewalk on I              . The defendant was then taken into custody by Officers Witte, Gordon, and Bryson. The defendant was taken into custody approximately 15 feet from where Officer Witte observed him throwing the aforementioned items. The defendant had $447.00 in U.S. currency in his possession at the time he was arrested.

10. Officer Witte then went to the rear                           and recovered the items he had seen the defendant throw. The items were recovered in a location that was consistent with where he had seen the defendant throw them. The items that were recovered were identified as a Ruger, model MKII, .22-caliber pistol, serial number 214-92208, loaded with three (3) rounds of .22-caliber ammunition. One of the rounds was chambered and two of the rounds were contained in the pistol's magazine that was inserted into the firearm. Also recovered, were two plastic bags containing and tan, rocklike substance, suspected to be crack cocaine. One of the bags recovered, had the suspected crack cocaine separated into four (4) smaller plastic bags.

11. Your affiant learned from Officer Witte, who has training and experience in performing field tests on crack cocaine and in weighing narcotics that he properly performed a field test and weighed the tan rocklike substance seized from the defendant on the aforementioned date. Officer Witte informed your affiant that the substance tested positive to be crack cocaine and to have a total weight of approximately 17.58 grams. Based upon your affiant's training and experience, your affiant believes that the quantity of the crack cocaine seized is more than would be customarily possessed for personal use and that it is consistent with possession for

distribution purposes. Your affiant also believes that the possession and presence of a firearm for protection of the defendant, the drugs and the expected proceeds is consistent with possession of a firearm in furtherance of possession with intent to distribute crack cocaine.

12. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Robbery in the First Degree from on or about April 9, 2003 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS and NCIC computer checks that the defendant has a total of 4 felony convictions and 28 misdemeanor convictions.

13. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

14. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

15. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; Title 21 U.S.C. Section 841 (a)(1) and (b)(1)(C); and Title 21 U.S.C. 841 (a)(1) and (b)(1)(C) by possessing with intent to distribute crack cocaine; and Title 18 U.S.C. Section 924(c) by possessing a firearm in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, possession with intent to distribute crack cocaine, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 30th day of March, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware